IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case No. 3:11-cr-015
                                  Also 3:14-cv-053

                                  District Judge Timothy S. Black
- vs -                         Magistrate Judge Michael R. Merz

JAKOVA K. JAMES-SIMS,

       Defendant.   :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 67). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

The record in this case reflects that Defendant entered into a Plea Agreement with the United States on October 13, 2011, which provided that he would plead guilty to Count Two of

1

the indictment which charged him with brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Doc. No. 51, PageID 181).  In the Plea Agreement he acknowledged that the possible imprisonment sentence in the case was "at least 7 years and up to a lifetime of imprisonment," that the recommendations of the Probation Department were not binding on Judge Black, and that he could receive up to the maximum penalty provided by law.  *Id.* at PageID 182-83.  After receipt of the Presentence Investigation Report, Judge Black conducted a sentencing hearing on March 1, 2012, and sentenced Defendant to the term he is now serving.  In doing so, Judge Black departed upward from the Sentencing Guideline range of 84 months (7 years) and imposed a ten-year sentence.  Defendant took no appeal and did not challenge his sentence until filing the instant Motion to Vacate on February 18, 2014.

28 U.S.C. § 2255(f) provides a one-year limitation period on § 2255 motions which runs from the latest of four described dates.  Defendant James-Sims claims the benefit of § 2255(f)(3) which makes the one-year run from "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ."  He relies on the Supreme Court's decision in *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), overruling *Harris v. United States,* 536 U.S. 545 (2002), and holding that any fact that makes a defendant eligible for the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury.

There are two fatal errors in James-Sims' argument.  First of all, *Alleyne* did not recognize a right and make it applicable to cases on collateral review.  The Sixth Circuit Court of Appeals has held that *Alleyne* does not apply to cases which became final before it was handed down. *Rogers v. United States*, ___ Fed. Appx. ___, 2014 WL 1272121 at *3 (6th Cir. 2014).

Other circuits have reached the same conclusion. *United States v. Redd*, 735 F.3d 88, 91-92 (2nd Cir. 2013); *United States v. Winkelman*, ___ F. 3d ___, 2014 WL 1228194 at *2 (3rd Cir. 2014); *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Similarly, the Fourth Circuit has mentioned that *Alleyne* has not been made retroactively applicable to cases on collateral review in *United States v. Stewart*, 540 Fed. Appx. 171, 172 (2013).

Secondly, even if *Alleyne* did apply to cases on collateral review, it would be of no assistance to James-Sims because Judge Black did not make a judicial finding of fact to enhance the mandatory minimum in this case. Instead, acknowledging that the mandatory minimum was seven years and that was the Sentencing Guideline range, he departed upward and sentenced James-Sims to ten years, well within the statutory maximum of life imprisonment. In no way did Judge Black find or imply that the mandatory minimum was ten years. Instead, he imposed a sentence three years longer than the mandatory minimum upon a finding that a longer sentence was warranted in this case.

The § 2255 Motion is barred by the statute of limitations and in any event is without merit. It should be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 11, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).